IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN LARKIN<br>630 Riverside Drive, Apt. 223<br>Toledo, Ohio 43605 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| AMAZON.COM SERVICES, LLC<br>2040 South Reynolds Road<br>Toledo, Ohio 43614 | )<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| | ) | |
| **Serve also:**<br>Amazon.com Services, LLC<br>c/o Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221 | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Christian Larkin, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES**

1. Larkin is a resident of the city of Toledo, county of Lucas, state of Ohio.

2. Amazon.com Services, LLC is a foreign limited liability company that operates a business located at 2040 South Reynolds Road, Toledo, Ohio 43614.

3. Amazon was at all times hereinafter mentioned an employer within the meaning of R.C. § 4113.52.

**JURISDICTION & VENUE**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds the sum or value of $ 75,000.

5. Upon information and belief, none of the members of Amazon.com Services, LLC are citizens of the state of Ohio.

6. Plaintiff has met and exceed the amount in controversy requirement as he has requested compensatory damages, and Plaintiff had a base salary (prior to calculating benefits and substantial stock options) of $91,000.

7. Likewise, Plaintiff has met and exceed the amount in controversy requirement as he has requested attorneys' fees. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (courts must consider both actual and punitive damages when determining amount in controversy); *Shupe v. Asplundh Tree Expert Co.*, Case No. 13-5747, 2014 U.S. App. LEXIS 9668, *10 (6th Cir. 2014) (courts must consider attorneys' fees when determining amount in controversy).

8. All of the material events alleged in this Complaint occurred in Lucas County.

9. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

11. Within 300 days of the conduct alleged below, Larkin filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), against the Defendant asserting claims of gender, sexual orientation, and disability discrimination.

12. Larkin's EEOC Charge is still pending.

13. Upon receipt of a Right to Sue letter for Larkin's EEOC Charge, Larkin intends to move the Court to amend the Complaint to add his state and federal claims for gender, sexual orientation, and disability discrimination.

14. Upon receipt of a Right to Sue letter for Larkin's EEOC Charge, Larkin will have exhausted his remedies pursuant to 29 C.F.R. § 1614.407(b) and R.C. § 4112.01 *et seq*.

## **FACTS**

15. Larkin is a former employee of Amazon.

16. Amazon hired Larkin on or about November 13, 2016.

17. Amazon initially employed Larkin as an associate.

18. Amazon promoted Larkin in 2017 to process assistant.

19. Amazon promoted Larkin in 2017 to hourly manager.

20. In 2018, Amazon promoted Larkin to Area Manager.

21. In 2020, Amazon promoted Larkin to Operations Manager.

22. In 2021, Amazon transitioned Larkin to Station Manager.

23. Larkin did not have any meaningful history of discipline during his employment with Amazon prior to terminating his employment.

24. In September 2021, Larkin reported verbally reported to Amazon Centralize Investigations that an employee, Katie Piscopo, was using the illegal drug, psilocybin mushrooms.

25. Larkin believed that possession of and/or use of psilocybin mushrooms constituted a felony.

26. It was reasonable for Larkin to believe that possession of and/or use of psilocybin mushrooms constituted a felony.

27. Larkin believed that possession of and/or use of psilocybin mushrooms at work constituted a hazard to public health or safety.

28. In September 2021, when Larkin reported to Amazon Centralize Investigations that Piscopo was using illegal drugs, he reported that he believed she was engaging in a felony that constituted a hazard to public health or safety.

29. In September 2021, when Larkin reported to Amazon Centralize Investigations that Piscopo was using illegal drugs, a written report was created documenting his complaint of illegal conduct.

30. In September 2021, when Larkin reported to Amazon Centralize Investigations that Piscopo was using illegal drugs, Larkin reported that this conduct created an unsafe working environment.

31. It was reasonable for Larkin to believe that possessing and/or using illegal drugs while at work created an unsafe working environment for employees of Amazon.

32. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he/she engages in protected activity under Ohio law.

33. A clear public policy exists and is manifested in R.C. § 4101.11 stating that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe…"

34. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe."

35. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters."

36. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

37. The Ohio Supreme Court recognized that Ohio allows an individual to seek a public policy claim if they are terminated in retaliation for reporting to their employer that they are forced to work in an unsafe work environment. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, (1990), 49 Ohio St.3d 228. *See also Pytlinski v. Brocar Products, Inc.*, 94 Ohio St.3d 77 (Ohio 2011); *Jenkins v. Cent. Transp., Inc.*, No. 09CV525, 2010 WL 420027 (N.D. Ohio Jan. 29, 2010).

38. The Ohio Supreme Court recognized a clear public policy exists and is manifested in stating: "Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted." *Pytlinski v. Brocar Prod., Inc.*, 2002-Ohio-66, 94 Ohio St. 3d 77, 80, 760 N.E.2d 385, 388 (2002).

39. The United States District Court for the Southern District of Ohio held "*Pytlinski* is still controlling, it is still good law, and it could not be clearer: 'Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted.'" *Lightner v. CB&I Constructors, Inc.*, No. 14-CV-2087, 2016 WL 6693548, at *10 (S.D. Ohio Nov. 14, 2016) (quoting *Pytlinski*).

40. The United States District Court for the Southern District of Ohio held: "Retaliation against employees who file complaints regarding workplace safety, there, clearly contravenes the public policy of Ohio." *Hucke v. Marriott Hotel Services, Inc.*, 2008 WL 11352589, *4 (S.D. Ohio), *report and recommendation rejected on unrelated grounds in Hucke v. Marriott Hotel Services, Inc.*, 2008 WL 11352630 (S.D. Ohio).

5

41. The Tenth District Court of Appeals in *Blackburn v. Am. Dental Ctrs.*, 22 N.E.3d 1149, 1158 (10th Dist. 2014) held that R.C. §§ 4101.11 and 4101.12 "establish that there exists a clear public policy that is manifested in a state or federal constitution, statute, or administrative regulation in Ohio favoring workplace safety for employees and frequenters."

42. The Tenth District Court of Appeals in *Blackburn* further held that Ohio has a public policy protecting employees who report unsafe working conditions.

43. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, against terminating an employee based on his complaints of dangerous, unsafe, or illegal activity.

44. Possession and/or use of psilocybin mushrooms is a felony. R.C. § 2925.11.

45. Ohio has a strong public policy against the use and/or possession and distribution of illegal substances as embodied in R.C. § 3719.01(O) and R.C. § 2925.11.

46. During all material events asserted herein, Marc Smith was a Senior Human Resources Business Partner.

47. Marc Smith contacted Larkin in response to Larkin's September 2021 complaint regarding Piscopo using and/or possessing illegal drugs.

48. Marc Smith told Larkin, "my Katie wouldn't do that."

49. Defendant failed to take prompt remedial action following Larkin's September 2021 complaint regarding Piscopo using and/or possessing illegal drugs.

50. Larkin gave Amazon time to remediate his September 2021 complaint regarding Piscopo using and/or possessing illegal drugs.

51. During all material events asserted herein, Stacy Bacon was the Regional Human Resources Manager.

52. In or about November 2021, Bacon called Larkin to advise that Amazon was still investing his September 2021 complaint regarding Piscopo using and/or possessing illegal drugs.

53. During all material events asserted herein, Mark Rosenhoch was a Senior Investigator for Amazon.

54. In or about November 2021, Rosenhoch contacted Larkin to advise Larkin that he was now investigating Larkin's September 2021 complaint regarding Piscopo using and/or possessing illegal drugs.

55. During all material events asserted herein, Lamar Carson was a Senior Regional Manager.

56. On or about December 6, 2021, Carson and Bacon met with Larkin.

57. On or about December 6, 2021, Carson and Bacon advised Larkin that his employment would be terminated due to failing to escalate his September 2021 complaint regarding Piscopo using and/or possessing illegal drugs.

58. Larkin had in fact escalated his complaint regarding Piscopo using and/or possessing illegal drugs, so Amazon's reason for termination has no legitimate basis.

59. On or about December 6, 2021, Carson and Bacon advised Larkin that his employment would be terminated due to failing to disclose that he became aware of Piscopo being in a relationship with another employee.

60. Defendant terminated Larkin's employment on December 7, 2021.

61. Larkin had in fact disclosed that Piscopo was in a relationship with another employee, so Amazon's reason for termination has no legitimate basis.

62. Upon information and belief, Amazon did not discipline Piscopo for possessing and/or using illegal drugs.

63. Upon information and belief, Amazon did not discipline Piscopo for engaging in an impermissible relationship at work.

64. Upon information and belief, Piscopo did not complain about illegal conduct.

65. Upon information and belief, Piscopo did not complain about Amazon creating an unsafe working condition.

66. Upon information and belief, Piscopo did not complain about Amazon violating Ohio's public policy prohibiting the use of illegal drugs.

67. During all material events asserted herein, Ike Smith was a District Manager.

68. Ike Smith was aware that Piscopo was in an impermissible relationship.

69. Upon information and belief, Ike Smith did not complain about illegal conduct.

70. Upon information and belief, Ike Smith did not complain about Amazon creating an unsafe working condition.

71. During all material events asserted herein, Kara Trombley was a Human Resource Partner.

72. Upon information and belief, Trombley was aware that Piscopo possessed and/or used illegal drugs.

73. Upon information and belief, Trombley was aware that Piscopo had an impermissible relationship with a co-worker.

74. Upon information and belief, Trombley did not complain about illegal conduct.

75. Upon information and belief, Trombley did not complain about Amazon creating an unsafe working condition

76. Upon information and belief, Trombley did not complain about Amazon violating Ohio's public policy prohibiting the use of illegal drugs.

77. Upon information and belief, Amazon did not terminate Trombley's employment for failing to disclose Piscopo's drug use and/or possession.

78. Upon information and belief, Amazon did not terminate Trombley's employment for failing to disclose Piscopo's impermissible relationship.

79. During all material events asserted herein, Nurhan LeRoy was an Operations Manager.

80. Upon information and belief, LeRoy became aware of illegal drug use by an Amazon employee.

81. Upon information and belief, LeRoy failed to report that he was aware of an Amazon employee who was using illegal drugs.

82. Amazon did not terminate LeRoy's employment.

83. Upon information and belief, LeRoy did not complain about illegal conduct.

84. Upon information and belief, LeRoy did not complain about Amazon creating an unsafe working condition

85. Upon information and belief, LeRoy did not complain about Amazon violating Ohio's public policy prohibiting the use of illegal drugs.

86. Amazon terminated Larkin's employment where it did not terminate the employment of similarly situated employees.

87. Amazon terminated Larkin's employment in retaliation for reporting unlawful conduct that posed as hazard to public safety.

88. Amazon terminated Larkin's employment in retaliation for reporting conduct that created an unsafe work environment.

89. Amazon terminated Larkin's employment in retaliation for reporting conduct that violated Ohio's public policy prohibiting the possession and/or use of illegal drugs.

90. Upon information and belief, Amazon's employees became aware that Larkin complained that Amazon created an unsafe work environment.

91. Upon information and belief, Amazon's employees became aware that Larkin complained that Amazon violated Ohio's public policy prohibiting the possession and/or use of illegal drugs.

92. In terminating Larkin's employment, Amazon dissuaded its employees from making complaints regarding an unsafe working environment.

93. In terminating Larkin's employment, Amazon dissuaded its employees from making complaints regarding conduct that violates Ohio's public policy prohibiting the possession and/or use of illegal drugs.

94. In dissuading its employees from making complaints regarding an unsafe working environment, Amazon jeopardized Ohio's public policy protecting the same.

95. In dissuading its employees from making complaints regarding conduct that violates Ohio's public policy prohibiting illegal drug use and/or possession, Amazon jeopardized Ohio's public policy protecting the same.

96. Upon information and belief, Amazon has a progressive discipline policy.

97. Amazon violated its own progressive discipline policy when it terminated Larkin's employment.

98. Upon information and belief, Amazon does not discipline individuals in violation of its progressive discipline policy who have not made complaints regarding illegal conduct that poses a hazard to public safety.

99. Upon information and belief, Amazon does not discipline individuals in violation of its progressive discipline policy who have not made complaints regarding an unsafe working environment.

100. Upon information and belief, Amazon does not discipline individuals in violation of its progressive discipline policy who have not made complaints regarding conduct that violates Ohio's public policy prohibiting the possession and/or use of illegal drugs.

101. Amazon violated its own progressive discipline policy when it terminated Larkin's employment in retaliation for Larkin reporting illegal conduct that posed a hazard to public safety.

102. Amazon violated its own progressive discipline policy when it terminated Larkin's employment in retaliation for Larkin reporting an unsafe working environment.

103. Amazon violated its own progressive discipline policy when it terminated Larkin's employment in retaliation for Larkin reporting conduct that violated Ohio's public policy prohibiting the possession and/or use of illegal drugs.

104. As a result of Amazon's conduct, Larkin has and continues to suffer from damages.

### COUNT I: VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52.

105. Larkin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. In or about September 2021, Larkin reported to Amazon that he became aware of an employee possessing and/or using illegal drugs.

107. It was reasonable for Larkin to believe that possessing and/or using psilocybin mushrooms constituted a felony.

108. It was reasonable for Larkin to believe that possessing and/or using psilocybin mushrooms at work posed a hazard to public health and/or safety.

109. Possession and/or use of psilocybin mushrooms is a felony under Ohio law.

110. Larkin verbally complained to Defendant regarding this conduct.

111. Larkin complained to Defendant in writing regarding this conduct.

112. A written document was created documenting Larkin's complaint of illegal conduct that posed a hazard to public health and/or safety.

113. Larkin gave Defendant an opportunity to cure the reported misconduct.

114. Defendant retaliated against Larkin by terminating his employment based on his complaints regarding this conduct.

115. Defendant's termination of Larkin was in violation of R.C. § 4113.52.

116. As a direct and proximate result of Defendant's conduct, Larkin suffered and will continue to suffer damages.

**COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

117. Larkin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

118. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he engages in protected activity under Ohio law.

119. A clear public policy exists and is manifested in R.C. § 4101.11 stating that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe…"

120. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use

safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe."

121. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters."

122. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

123. The Ohio Supreme Court recognized that Ohio allows an individual to seek a public policy claim if they are terminated in retaliation for reporting to their employer that they are forced to work in an unsafe work environment. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, (1990), 49 Ohio St.3d 228. *See also Pytlinski v. Brocar Products, Inc.*, 94 Ohio St.3d 77 (Ohio 2011); *Jenkins v. Cent. Transp., Inc.*, No. 09CV525, 2010 WL 420027 (N.D. Ohio Jan. 29, 2010).

124. The Ohio Supreme Court recognized a clear public policy exists and is manifested in stating: "Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted." *Pytlinski v. Brocar Prod., Inc.*, 2002-Ohio-66, 94 Ohio St. 3d 77, 80, 760 N.E.2d 385, 388 (2002).

125. The United States District Court for the Southern District of Ohio held "*Pytlinski* is still controlling, it is still good law, and it could not be clearer: 'Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted.'" *Lightner v. CB&I Constructors, Inc.*, No. 14-CV-2087, 2016 WL 6693548, at *10 (S.D. Ohio Nov. 14, 2016) (quoting *Pytlinski*).

126. The United States District Court for the Southern District of Ohio held: "Retaliation against employees who file complaints regarding workplace safety, there, clearly contravenes the public policy of Ohio." *Hucke v. Marriott Hotel Services, Inc.*, 2008 WL 11352589, *4 (S.D. Ohio), *report and recommendation rejected on unrelated grounds in Hucke v. Marriott Hotel Services, Inc.*, 2008 WL 11352630 (S.D. Ohio).

127. The Tenth District Court of Appeals in *Blackburn v. Am. Dental Ctrs.*, 22 N.E.3d 1149, 1158 (10th Dist. 2014) held that R.C. §§ 4101.11 and 4101.12 "establish that there exists a clear public policy that is manifested in a state or federal constitution, statute, or administrative regulation in Ohio favoring workplace safety for employees and frequenters."

128. The Tenth District Court of Appeals in *Blackburn* further held that Ohio has a public policy protecting employees who report unsafe working conditions.

129. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, against terminating an employee based on his complaints of dangerous, unsafe, or illegal activity.

130. Possession and/or use of psilocybin mushrooms is a felony. R.C. § 2925.11.

131. Ohio has a strong public policy against the use and/or possession and distribution of illegal substances as embodied in R.C. § 3719.01(O) and R.C. § 2925.11.

132. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, against terminating an employee based on his complaints of dangerous, unsafe, or illegal activity.

133. Defendant's termination of Larkin jeopardizes these public policies.

134. Defendant's termination of Larkin's employment was motivated by conduct related to these public policies.

135. Defendant had no overriding business justification for terminating Larkin's employment.

136. As a direct and proximate result of Defendant's conduct, Larkin has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Larkin demands from Defendants the following:

(a) Issue an order requiring Amazon to restore Larkin to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Larkin for compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Larkin's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: daniel.dubow@spitzlawfirm.com
         shelia.degraffinried@spitzlawfirm.com
         kevin.buryanek@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Christian Larkin demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

16